Rosa de la Plaza-Díaz, Plaintiff and Appellant, v. Central Bocachica, Defendant and Appellant.

No. 3470. Argued March 24, 1925.—Decided July 24, 1925.

Debt—Judgment.—In an action of debt a judgment for payment based on a fact which was not alleged nor proved is erroneous.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the plaintiff in an action of debt. Reversed.

D. Sepúlveda for the plaintiff-appellant. López de Tord & Zayas Pizarro for the defendant-appellant.

Mr. Justice Aldrey delivered the opinion of the court.

Rosa de la Plaza Díaz, a bookkeeper, brought an action of debt against the Central Bocachica, Inc., alleging that in the years 1920, 1921 and 1922 there existed in the district of Juana Díaz a property called Central Bocachica whose manager, Manuel León Parra, engaged her as a bookkeeper on September 1, 1920, for the said plantation at a monthly salary of $150 of which she would be paid $100 each month and the remaining $50 at the end of each year, and that a bonus of $600 was to be paid to her if there were profits; that in the following month the defendant corporation Central Bocachica, Inc., was organized, the same León Parra being its president and manager; that from October of 1920

up to September 14, 1922, he gave her additional bookkeeping work to be done for the incorporated Central Bocachica; that in January of 1923 the joint-owners of the Bocachica plantation sold their properties to the Central Bocachica, Inc., the vendors having been and now being the owners of nearly all of the stock of the defendant corporation; that of her salary they owe her $1,105 and the bonus of $600 because of the profits received from 1920 to 1921, together with $1,250 for extra work done, amounting in all to $2,955.

The defendant opposed the claim and the court gave judgment ordering the defendant to pay to the plaintiff the item of $1,105 which represented the $50 deducted each month from her salary, and dismissed the complaint with regard to the other two items. Both parties appealed from that judgment.

The defendant alleges on appeal that the lower court committed error in basing its judgment on the premise that "the community property Hacienda Bocachica was merged in the corporation Central Bocachica, Inc., which assumed the assets and liabilities of the former and all obligations of the said community property Hacienda Bocachica." It says that a fact that was not alleged or proved was found by the court to have been proved because it forgot that the averment in paragraph seven of the complaint had been amended before the trial.

It so occurred, for paragraph seven of the complaint said to have been found proved by the court was substituted before the evidence was heard by another which did not allege that the community property, Hacienda Bocachica, was merged into the corporation Central Bocachica, Inc., nor that the corporation assumed the assets and liabilities of the said community property, but alleged, as we have said before, that the joint-owners of the plantation sold their properties to the corporation and that they possessed nearly all of the stock of the corporation; therefore, the court below erred in basing its judgment on the fact

that the corporation assumed the payment of the obligations of the community property.

Notwithstanding what has been said, the plaintiff alleges that since nearly all of the stock of the Central belongs to those who were the owners of the community property, there exists between them a merger or consolidation and the Central should answer for the obligations of the community property, to which the defendant objects on the ground that it would be unjust that shareholders of the Central who were not owners of the community property should pay the debts of the latter.

We may put aside that question, because the evidence leads to the conclusion that it was not proved that the plaintiff was earning more then $100 per month.

In fact the only persons who testified that the salary of the plaintiff was $150 monthly, of which she was to receive $100 each month and the remaining $50 deducted from each month's salary to be paid to her at the end of each year, were the plaintiff herself and witness Manuel León Parra, who, according to the evidence, had a grudge against those who are at present managing the business of the corporation. Since the defendant's witnesses contradicted the evidence in regard to the $50 to be paid at the end of each year, and since the debt sued for by the plaintiff does not appear from the books which she herself had charge of, nor in the statements of creditors which León Parra had to file under oath in the Federal Court, these statements having been prepared by the plaintiff, we believe that the plaintiff did not prove her case and that the clear preponderance of evidence is in favor of the defendant. This conclusion is stronger as to the other two claims denied by the lower court which, in regard to the profits alleged to have been earned in the years 1920–21, held that there were no profits on the ground that an entry made in the books by order of the public accountants Goodrich & Co. was erroneous.

In view of the foregoing conclusions and deciding both

appeals, we reverse the judgment appealed from and substitute it by another dismissing the complaint, without special imposition of costs.